## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SAMUEL HARVEY,

    Plaintiff,

               v.

DEKALB COUNTY SHERIFF'S OFFICE;
DEKALB COUNTY JAIL; and DEKALB
COUNTY PROBATION OFFICES,

    Defendants.

Civil Action No.
1:23-cv-01751-SDG

## OPINION AND ORDER

This matter is before the Court on Defendants' motion to dismiss for failure to state a claim [ECF 15] and Plaintiff Samuel Harvey's motion for leave to file an amended complaint [ECF 16]. After careful consideration of the motions, the Court **GRANTS** Defendants' motion to dismiss and **DENIES** Harvey's motion to amend.

## I.    Background

Harvey filed his initial complaint on April 19, 2023.[1] He included a three sentence statement of his claim, alleging that he was arrested for a crime for which he had been pardoned.[2] He provides no additional detail. About a month later, he amended his complaint, adding a single sentence demanding ten million dollars

---

[1]    ECF 1.

[2]    ECF 6, at 4.

in damages.[3] The DeKalb County Sheriff's Office, DeKalb County Probation Office, and the DeKalb County jail were served with process. Defendants then filed the instant motion to dismiss. In response, Harvey filed a motion for leave to file a second amended complaint and attached the proposed amendment.[4] Defendants responded, urging this Court to deny the motion because his amendment would be futile.[5]

Harvey's proposed second amended complaint provides significantly more detail. Harvey alleges that, on July 2, 2013, he was approached by a DeKalb County Sheriff's Officer who informed him that there was a warrant out for his arrest for a 1993 probation violation.[6] According to Harvey, he had been pardoned for the offense 20 years prior and thus the warrant was invalid.[7] Harvey was nonetheless taken to the Cobb County jail before being transferred to the DeKalb County jail. Once there, he was able to get in touch with a probation officer, who called the jail and explained the situation.[8] Once that call was placed, Harvey acknowledges that

---

[3]   ECF 7.

[4]   ECF 16.

[5]   ECF 17.

[6]   ECF 16, at 2–3.

[7]   *Id.*

[8]   *Id.* at 3–4.

he was released.[9] Harvey now brings a § 1983 claim for alleged violations of his Fourth and Eighth Amendment rights and brings claims for malicious prosecution (O.C.G.A. § 15-7-40) and false arrest (O.C.G.A. § 51-7-1) under Georgia law.[10]

## II.  Legal Standard

### A.  Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint fails to state a claim when it does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555–56 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original) (footnote omitted)

---

9   *Id*.

10   *Id*. at 1–2.

(quoting 5 Charles A. Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE § 1216, at 235–36 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 680–85 (2009); *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187–88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

The Court recognizes that Plaintiff is appearing *pro se*. Thus, it must construe the Complaint leniently and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted) (quotation marks omitted). *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[*P*]*ro se* document[s] are to be liberally construed.") (cleaned up); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998) (holding that "once a *pro se* IFP litigant is in court, he is

subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

### B.   Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend his complaint only by leave of court or written consent of the adverse party when it has been more than 21 days following service of the responsive pleading or motion. The rule also provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Even so, granting leave to amend is not automatic. *Faser v. Sears Roebuck & Co.*, 674 F.2d 856, 860 (11th Cir. 1982); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979). Indeed, district courts have "extensive discretion" in deciding whether to grant leave to amend and may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays, or is futile." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (citing *Tech. Res. Servs., Inc. v. Dornier Med. Sys., Inc.*, 134 F.3d 1458, 1463–64 (11th Cir. 1998)).

## III.   Discussion

The Court dismisses Harvey's case, since the operative complaint includes absolutely no details from which this Court could construe a claim for relief. And, it denies him leave to amend because the proposed amendment would be futile since all of his claims are either barred by the applicable statute of limitations or

fail to state a claim. The events that give rise to this suit all occurred in 2013, when Harvey alleges he was arrested based on an invalid warrant.[11] He was taken to various jails and by his own account, released after approximately twelve hours with no further incident. As Defendants point out, his § 1983 and false arrest claims are barred by the statute of limitations, and he fails to otherwise state a claim for malicious prosecution.[12]

Section 1983 contains no statute of limitations, but instead requires a court to borrow the personal injury limitations period of the state in which the federal court sits. *See Owens v. Okure*, 488 U.S. 235 (1989) (holding that a § 1983 action in state with more than one statute of limitations is governed by residual or general personal injury statute of limitations). Georgia's personal injury statute of limitations period is two years. O.C.G.A. § 9-3-33. The limitations period has long since expired on any § 1983 claim Harvey could bring.

---

[11]   ECF 16.

[12]   A defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion when the complaint shows on its face that the limitations period has run. *Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982). Here, the operative complaint did not contain any dates. When Harvey moved to amend his complaint, which included the dates during which the relevant events occurred, Defendants raised the statute of limitations defense in their response opposing the motion to amend. While this is not technically a motion to dismiss, Defendants have nonetheless adequately raised the defense.

Harvey's false arrest claim also falls outside the limitations period. As noted above, Georgia has a two-year personal injury statute of limitations that applies to false arrest and false imprisonment claims, and begins to run on the date of the arrest. *See Reese v. City of Atlanta*, 247 Ga. App. 701, 702 (2001) ("[Plaintiff's] claims for false arrest and false imprisonment had to be filed within the statute of limitation for personal injuries."). At the time Harvey filed this case, it had been ten years since his alleged arrest took place. That falls far outside the two-year limitations period and thus, his claim fails.

The malicious prosecution claim also must be dismissed because there was no prosecution in this case. The first element of a malicious prosecution claim under Georgia law is the prosecution for a criminal offense. *Zook v. Arch Specialty Ins*. Co., 336 Ga. App. 669, 673 (2016). Harvey states that he was released about twelve hours after his arrest. He was not prosecuted and thus, these facts simply cannot give rise to a malicious prosecution claim.

Accordingly, even if the Court were to allow Harvey to amend his complaint as proposed, it would fail for the reasons stated above. The Court need not allow an amendment if it would be futile. Such is the case here. Assuming the events in the amendment complaint actually occurred, the Court is sympathetic to Harvey's frustrations. Nonetheless, it cannot provide any relief in this case.

**IV.    Conclusion**

Defendants' motion to dismiss [ECF 15] is **GRANTED** and Harvey's motion to amend [ECF 16] is **DENIED**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 31st day of March, 2024.

_____
Steven D. Grimberg
United States District Judge